# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-90-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| WILLIAM JAMES OUTTEN, | |
| Defendant. | |

## I. Synopsis

Defendant William James Outten (Outten) has been accused of violating the conditions of his supervised release. Outten admitted alleged violation 1. The Court dismissed alleged violation 2 on the government's motion. Outten's supervised release should be revoked. Outten should be placed in custody for 8 months, with 28 months of supervised release to follow. Outten should receive credit for time served since September 23, 2020. Outten should serve his term of custody at the Federal Detention Center in SeaTac, Washington. While on supervised release, Outten should be required to complete all alcohol treatment programs recommended by his probation officer.

## II. Status

Outten pleaded guilty to Possession of Stolen Explosives on

January 8, 2019. (Doc. 76). The Court sentenced Outten to 16 months of custody, followed by 3 years of supervised release. (Doc. 143). Outten's current term of supervised release began on February 21, 2020. (Doc. 201 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on February 1, 2021, requesting that the Court revoke Outten's supervised release. (Doc. 201). The Amended Petition alleged that Outten had violated the conditions of his supervised release by committing two separate crimes.

**Initial appearance**

Outten appeared before the undersigned for his initial appearance on February 2, 2021. Outten was represented by counsel. Outten stated that he had read the petition and that he understood the allegations. Outten waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 2, 2021. Outten admitted that he had violated the conditions of his supervised release by committing one of the burglaries alleged in violation 1. The Court dismissed alleged violation 2 on the government's motion. The violation that Outten

2

admitted is serious and warrants revocation of Outten's supervised release.

Outten's violation is a Grade B violation. Outten's criminal history category is IV. Outten's underlying offense is a Class C felony. Outten could be incarcerated for up to 24 months. Outten could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 12-18 months.

### III. Analysis

Outten's supervised release should be revoked. Outten should be incarcerated for 8 months, with 28 months of supervised release to follow. Outten should receive credit for time served since September 23, 2020. This sentence is sufficient but not greater than necessary. Outten should serve his term of custody at the Federal Detention Center in SeaTac, Washington. While on supervised release, Outten should be required to complete all alcohol treatment programs recommended by his probation officer.

### IV. Conclusion

The Court informed Outten that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Outten of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Outten that Judge Morris would consider a

timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That William James Outten violated the conditions of his supervised release by committing one of the burglaries alleged in violation 1.

The Court **RECOMMENDS:**

That the District Court revoke Outten's supervised release and commit Outten to the custody of the United States Bureau of Prisons for 8 months, with 28 months of supervised release to follow. Outten should receive credit for time served since September 23, 2020. Outten should serve his term of custody at the Federal Detention Center in SeaTac, Washington. While on supervised release, Outten should be required to complete all alcohol treatment programs recommended by his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district

4

court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 4th day of February, 2021.

/s/ John Johnston
John Johnston
United States Magistrate Judge